# Wilson's Appeal.

The action of the court below in refusing to open a decree of partition, held correct upon the evidence.

(Decided November 2, 1885.)

Appeal from a decree of the Orphans' Court of Washington County. Affirmed.

George Bently died·October 30, 1882, intestate and unmarried. A. P. Morrison was appointed administrator of his estate, and his report as such administrator confirmed. Subsequently a petition was filed for partition of the real estate, which contained the following language: "All claims of Hanna Clarissa Adams are hereby denied, and the right to contest the same reversed."

By decree entered September 11, 1883, the lands were partitioned, and Hanna Clarissa Adams was treated as an heir and received her share of the estate.

On November 28, 1884, Joseph Wilson, one of the heirs at law, presented his petition to the court for a review of the petition proceedings, on the ground that Clarissa Adams was not an heir at law of George Bently, deceased. The court refused to grant a review, holding on a consideration of the facts and evidence that justice would not be promoted by granting one, and dismissed the petition; whereupon Wilson appealed.

*Erskine & Miller* and *Irwin & Hughes,* for apppellant.—A bill of review lies. (1) For error in law apparent on the face of the decree; (2) for new matter which has since arisen; (3) it may be allowed *ex gratia* for after discovered evidence. Riddle's Estate, 19 Pa. 431; Russell's Appeal, 34 Pa. 258; Hartman's Appeal, 36 Pa. 70; Green's Appeal, 59 Pa. 235; Given's Estate, 3 W. N. C. 160.

Newly discovered evidence will justify a bill of review. Hildebeitel's Appeal, 3 Lanc. Bar. Oct. 7, 1871.

NOTE.—A bill of review may be granted in a proper case in partition proceedings; thus, if the property be divided on a wrong basis (George's Appeal, 12 Pa. 260) ; or where a *pro forma* decree dismissing the bill has been entered. Furst v. Armstrong, 202 Pa. 348, 90 Am. St. Rep. 653, 51 Atl. 996. But the application must be promptly made. Osborne's Estate, 149 Pa. 412, 24 Atl. 312; Rittenhouse's Estate, 1 Pars. Sel. Eq. Cas. 313; Bauer's Estate, 13 Phila. 391; Barkley's Appeal, 2 Monaghan, 274, 15 Atl. 94.

A bill of review may be allowed *ex gratia,* for new evidence as to facts on which the decree was granted, which have been subsequently discovered and which could not have been procured by the use of due diligence before. Green's Appeal, 59 Pa. 238; Riddle's Estate, 19 Pa. 433; Hartman's Appeal, 36 Pa. 75.

These authorities distinguish between cases where the decree was grounded on the facts concerning which new evidence has been discovered and cases wherein the decree made was not founded on the facts afterwards discovered concerning a material matter which would, if discovered at the time of the decree, have led to another and different determination.

In Reese's Estate, 37 Phila. Leg. Int. 15, it was held that "the discovery of new and material matter, such as would probably have produced a different determination if produced at the original hearing, is ground for a petition of review." And in Mitcheson's Estate, 11 W. N. C. 240, it was held that the orphans' court will review and correct its decree, when no rights have been changed in consequence of it, irrespective of the statute, although the alleged error does not appear on the record, and new matter is not averred.

A bill of review is never allowed to stand on strict law and against equity. Stevenson's Appeal, 32 Pa. 318; Yeager's Appeal, 34 Pa. 173.

*Aiken & Duncan,* for appellees.—This case is to be argued and decided under the rules governing bills of review, which in a court of equity and in the orphans' court, are the same. Bishop's Appeal, 26 Pa. 470.

Upon two grounds alone does a bill lie as a matter of right, namely, where there is error of law apparent and where new matter has arisen since the decree. Riddle's Estate, 19 Pa. 433; Hartman's Appeal, 36 Pa. 70; Russell's Appeal, 34 Pa. 258, 2 Dan. Ch. Pr. 1578.

The third and only other ground allowed is where there is new evidence as to facts upon which the decree rests; in which case the allowance of the bill rests entirely in the discretion of the court, and a refusal to grant the prayed for relief is reviewable only where there has been an abuse of such discretion. Same authorities above cited, and Green's Appeal, 59 Pa. 235.

The principle is well stated in Hartman's Appeal, 36 Pa. 72: "A bill of review may also by special leave be allowed for new

proof that has come to light after the decree, and which could not possibly have been used at the time when it passed. But this is matter of grace, not of right (Barb. Ch. Pr. 90; Cooper, Eq. Pl. 89; Story, Eq. 404), and, therefore, addresses itself to the sound discretion of the court, and necessarily involves an inquiry into the whole case."

A decree awarding the purparts "is necessarily as conclusive of the right as a judgment of partition by a court of law;" and a party who had no title under the intestate laws having petitioned for an inquest and having had a purpart awarded him by decree of the orphans' court, the record of the proceedings in partition and the decree founded thereon are necessarily conclusive of the right of the party to take as an heir. Herr v. Herr, 5 Pa. 428, 47 Am. Dec. 416. "The orphans' court had undoubted jurisdiction of the subject-matter, and consequently its decree was, when made, as conclusive as the judgment of any other court of record." Merklein v. Trapnell, 34 Pa. 45, 75 Am. Dec. 634; Lair v. Hunsicker, 28 Pa. 115.

A former judgment is conclusive, not only of the thing decided, but of every fact which was essential to the adjudication. (Tams v. Lewis, 42 Pa. 402); "conclusive, not only of the point which it professes to decide, but of matters which it was necessary to decide, and which were actually determined as the ground-work of the decision." Doe v. Oliver, 2 Smith Lead. Cas. 795; Philadelphia v. Girard, 45 Pa. 10, 84 Am. Dec. 470; Towns v. Nims, 5 N. H. 259, 20 Am. Dec. 579. "It is not sufficient that the petitioner expects to prove certain facts. He must state the exact evidence to establish them." 2 Dan. Ch. Pr. 1579, note 1, note 2; Brewer v. Bowman, 3 J. J. Marsh. 492, 20 Am. Dec. 174, where authorities are cited.

"The granting of a bill of review for newly discovered evidence is not a matter of right, but it rests in the sound discretion of the court. It may, therefore, be refused, although the facts, if admitted, would change the decree where the court looking at all the circumstances shall deem it productive of mischief to innocent parties, or for any other cause unadvisable." 2 Dan. Ch. Pr. 1581, note 2; Ricker v. Powell, 100 U. S. 104, 25 L. ed. 527; Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. ed. 287; Harris v. Edmondson, 3 Tenn. Ch. 211; Dexter v. Arnold, 5 Mason, 303, Fed. Cas. No. 3,856.

PER CURIAM:

Notwithstanding the able argument of the counsel for the appellant, we think the facts do not justify a reversal of this decree.

The opinion of the learned judge contains very satisfactory reasons for denying the application of the appellant. We will not disturb a sound discretion so well exercised.

Decree affirmed and appeal dismissed, at the costs of the appellant.